BURMAH E. PERKINS *et al. vs.* JOHN H. HUTCHINSON.

A., being indebted to B., assigned to B. all his claims against C. Testimony showed an agreement that B. should pay to another creditor of A. any surplus over A.'s indebtedness to B.

*Held,* as there was no reservation for the benefit of the assignor, that the assignment was not void as made to hinder and defraud creditors.

---

An assignment which operates to prefer certain creditors over others is not fraudulent in Rhode Island, and can be avoided only by proceedings under Pub. Stat. R. I. cap. 237, § 13.

PETITION for new trial filed by an intervening claimant.

This action was *assumpsit.* The writ was served by garnishment on the city of Providence, and made returnable to the Court of Common Pleas.

One Albert Hainsworth intervened in the case, and under Pub. Laws R. I. cap. 433, § 1, claimed the garnished funds by virtue of the following assignment : —

Know all men by these presents, that I, John H. Hutchinson, of North Providence, in the County of Providence, for value received from Albert Hainsworth, of Providence, do hereby assign and transfer to said Albert Hainsworth all claims and demands which I now have, and all of which at any time between the date hereof and the first day of December, A. D. 1890, I may and shall have against the city of Providence, for all sums of money due, and for all sums of money and demands which at any time between the date hereof and the first day of December, A. D. 1890, may and shall become due, for services as copartner or contractor, and for services rendered by building engine house on the corner of Charles Street and Branch Avenue in said city.

To have and to hold the same to the said Albert Hainsworth, his executors, administrators, and assigns forever.

And I, John H. Hutchinson, do hereby constitute and appoint the said Albert Hainsworth and his assigns to be my attorney irrevocable in the premises, to do and perform all acts, matters, and things touching the premises in the like manner to all intents and purposes as I could if personally present.

In witness whereof I have set my hand and seal this 18th day of July, A. D. 1890.

JOHN H. HUTCHINSON. [L. S.]

Signed, sealed, and
delivered in presence
of Milton H. Shattuck.

This assignment was recorded in North Providence. The Court of Common Pleas held the assignment void, as made to hinder and delay creditors, and charged the garnishee in favor of the plaintiff.

Hainsworth filed exceptions, and brought the matter into this court by a petition for a new trial.

*July* 25, 1891. PER CURIAM. We do not think that the assignment by Hutchinson to Hainsworth was void as made to hinder, delay, and defraud creditors. The testimony shows that it was agreed between them, at the time the assignment was made, that the surplus of the fund assigned over the indebtedness of Hutchinson to Hainsworth, if any, should be paid over by the latter to another creditor of the former. There was, therefore, no reservation of any portion of the fund for the benefit of the assignor; and it is well settled in this State that an assignment which operated merely as a preference of certain creditors over others is not fraudulent. Such an assignment can only be set aside by proceeding under Pub. Stat. R. I. cap. 237, § 13.

Said Hainsworth's petition for a new trial is granted, without costs.

*Frederic Hayes*, for plaintiff.
*Charles F. Baldwin*, for defendant.
*Walter F. Angell*, for Hainsworth.